UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

LATOYA FREEMAN, as guardian of
ALEXANDER FREEMAN,

    Plaintiff,
vs.

AMERISURE MUTUAL INSURANCE
COMPANY, a foreign corporation; and
ALCC, LLC, a Florida limited liability Company

    Defendants.
_____/

## AMERISURE MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Amerisure Mutual Insurance Company, ("Amerisure") by and through its undersigned counsel, and pursuant to 28 U.S.C. §1332, §1441, § 1446, hereby Removes the instant action styled *Latoya Freeman, as guardian of Alexander Freeman v. Amerisure Mutual Insurance Company, and ALCC, LLC,* which case is currently pending in the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No: 2020-012470-CA-01 CA 25, to the United States District Court, for the Southern District of Florida.  In support of this removal and pursuant to 28 U.S.C. §1446, Defendant states:

    1.    This case is properly removable due to diversity of citizenship between Plaintiff, Latoya Freeman, as guardian of Alexander Freeman, and Defendant, Amerisure.

    2.    This case is currently pending in the Florida State Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida, making removal to this Court appropriate.

1

3. This Notice of Removal is being timely filed within thirty (30) days from July 30, 2020, the date upon which the Summons and Complaint was served upon Amerisure via the Chief Financial Officer of the State of Florida. (*See* Exhibit "A" attached hereto).

4. Co-Defendant, ALCC, LLC, ("ALCC") has consented to this Removal.

5. Amerisure has filed with the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Dade County, Florida, a true and correct copy of the Notice to State Court of Removal of this case to Federal Court as required by 28 U.S.C. §1446(b), a copy of this Notice to the State Court Clerk confirming removal of this case to Federal Court is attached hereto as Exhibit "B".

6. All pleadings served upon Amerisure in the state court have been attached as Composite Ex. "C". There are no known pending motions.

7. The District Courts of the United States have original jurisdiction of this civil action due to the amount in controversy and the diversity of citizenship between the parties as provided for by 28 U.S.C. §1332. Amerisure hereby asserts that co-defendant, ALCC has been fraudulently joined to this action and that complete diversity of citizenship exists between the remaining parties as demonstrated by the fact that:

   i. Plaintiff Alexander Freeman is over the age of 18 years and is a citizen of Palm Beach County, Florida and is currently domiciled in that county. (See underlying Complaint, ¶2, attached as Composite Ex. "C".)

      ii.      Latoya Freeman is the guardian of Alexander Freeman. She is a citizen of Palm Beach County and is currently domiciled in that county.[1]

      iii.      Amerisure is incorporated in, and organized under the laws of the State of Michigan, with its principal place of business in Michigan.

      iv.      The amount in controversy in this matter exceeds the minimum sum of $75,000, exclusive of interests and costs.

8.      With respect to the amount in controversy, Plaintiff's Complaint states that damages exceed $30,000 (*See* Plaintiff's Comp., ¶1. In his Complaint, Plaintiff asserts that during an accident which occurred on February 14, 2019, he fell approximately 20 feet, resulting in catastrophic injuries, including traumatic brain injury, which resulted in his physical and mental incapacitation. (Comp. ¶10) Plaintiff has asserted, *inter alia*, that Amerisure has not paid the total bill for the medical care and treatment provided to Plaintiff by the acute care facility, leaving him "with debt of approximately $100,000." (Comp. ¶55). Plaintiff has additionally asserted that because of his inability to timely receive the necessary care and treatment needed to care for his "catastrophic" workplace injuries that his health has deteriorated, he suffered additional physical injuries, and endured extreme pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and aggravation of previously existing conditions. (Comp. ¶76) Plaintiff has also alleged that as a result of Amerisure's conduct, he suffered "severe emotional distress and substantial other damages…". (Comp. ¶78). *See Allen v.*

---

[1] Plaintiff's state court action does not allege the citizenship or domicile of Latoya Freeman. Amerisure has attached hereto as Exhibit "D" the Affidavit of Ashley McKee, a paralegal with the law firm of Cole, Scott & Kissane. As evidenced by this Affidavit, the available information from a diligent investigation confirms that Ms. Freeman's citizenship and domicile is in Palm Beach County, Florida. (See Ex. "D".)

*Toyota Motor Sales U.S.A.*, 155 Fed. Appx. 480 (11th Cir. 2005) (noting that presence of quantified damages approaching the jurisdictional limits when combined with other claimed damages was sufficient to establish jurisdictional amount in controversy.)

10. Based upon allegations set forth in Plaintiff's Complaint, in its entirety, both in terms of economic and non-economic damages, Plaintiff's claims fully support a conclusion that she is seeking damages in excess of the jurisdictional limits of this Court. Therefore, subject matter jurisdiction, is properly established. Further, it is fully anticipated that Plaintiff will stipulate that the amount in controversy exceeds $75,000.

11. In support of this Removal Petition, Amerisure further asserts that the joinder of co-defendant, ALCC, was fraudulent and should not operate to destroy diversity jurisdiction between Amerisure and Freeman.

12. Because Plaintiff joined ALCC, a non-diverse defendant, solely for the purpose of defeating diversity jurisdiction, a District Court should ignore the presence of this non-diverse defendant when considering the existence of diversity jurisdiction. *Henderson v. Washington National, Inc. Co*., 454 F.3d 1278, 1281 (11th Cir. 2006).

13. In order to establish fraudulent joinder in this context, Amerisure must demonstrate that there is no possibility that the Plaintiff can establish a cause of action against the non-resident defendant, ALCC. *Dasma Investments, LLC v. The Realty Associates Fund III, L.P.*, 459 F.Supp. 2d 1294 (S.D. Fla. 2006).

14. The determination of whether a particular defendant has been fraudulently joined must be based on the allegations of Plaintiff's pleadings at the time of removal. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005).

15. The instant Complaint asserts a single cause of action against ALCC for a civil conspiracy. (See Comp. Count III) The single Count against ALCC incorporates paragraphs 1-56 of the Complaint. (Comp. ¶79)

16. Plaintiff's pleading specifically alleges that ALCC was acting, at all times, as an agent for Amerisure. In this regard, paragraph 17 of the Complaint provides:

> 17. At all times relevant hereto, Defendant ALCC, and its agents and employees, were acting as Agents of Defendant Amerisure, and acting within the course and scope of that agency relationship, making Defendant Amerisure vicariously liable for the conduct of Defendant ALCC, its agents, and its employees.

17. As noted, the only claim pled against ALCC is for civil conspiracy. However, Plaintiff has no chance of prevailing on that claim as it is well settled in Florida that a corporation cannot conspire with its own agents.

18. The elements of a civil conspiracy under Florida law are:

   a. A conspiracy between two or more parties;
   b. To do an unlawful act, or to do a lawful act by unlawful means;
   c. An overt act in pursuit of the conspiracy; and,
   d. Damages to the Plaintiff.

*Microsoft Corp. v. Big Boy Distribution, LLC*, 589 F.Supp. 1308 (S.D. Fla. 2008).

19. Any claim against ALCC, is completely foreclosed by the intra-corporate conspiracy doctrine. *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So.2d 963, 966 (Fla. 4th DCA 2002). This doctrine provides that a corporation cannot conspire with its own agents because "a conspiracy requires the combination of two or more persons – **a meeting of two independent minds** intent on one purpose. *Cedar Hills Props. Corp. v. E. Fed. Corp.*, 575 So.2d 673. 676 (Fla.

1st DCA 1991). (emphasis added) Where a corporate agent acts on behalf of a principal "their actions are attributed to the corporation itself, thereby negating the multiplicity of actors needed for a conspiracy." *Weisman v. Southern Wine & Spirits of America, Inc.*, 2020 WL 2463080 (Fla. 4th DCA 2020), quoting *HRCC Ltd. v. Hard Rock Café Int'l (USA)*, 302 F. Supp. 3d 1319, 1325 (M.D. Fla. 2016). This doctrine was explained by the court in *Mancinelli v. Davis*, 217 So.3d 1034, 1037 (Fla. 4th DCA).

> This doctrine stems from basic agency principles that 'attribute the acts of agents, of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor. Because civil conspiracy requires an agreement between two or more parties, it is not possible for a single legal entity consisting of the corporation and its agent to conspire with itself.

(Citations and internal quotations omitted.)

20. Because it has been affirmatively pled that ALCC was at all times acting as an agent for Amerisure, there is no potential that Plaintiff will be successful on its claim for civil conspiracy. This deficiency further underscores that the claim against ALCC is nothing more than an artifice to destroy diversity which should be ignored in this Court's consideration of this Removal Petition.

WHEREFORE, for the above-stated reasons, Defendant prays that Civil Action No. 2020-012470-CA-01 CA25, now pending in the Circuit Court of the 11th Judicial Circle, in and for Dade County, Florida, be removed to this Federal Court and that this court assume jurisdiction over this matter and grant all relief which is just and reasonable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of August 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

 

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Amerisure Mutual Insurance Company*
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4031
Facsimile (904) 672-4050
Primary e-mail: joe.kissane@csklegal.com
Secondary e-mail:kimberly.morris@csklegal.com

By: /s/ Joseph T. Kissane
JOSEPH T. KISSANE
Florida Bar No.: 512966